Olu K. Orange, Esq. [S. B. #213653]
ORANGE LAW OFFICES
3435 Wilshire Blvd., Suite 2910
Los Angeles, California 90010
Telephone: (213) 736-9900
Facsimile: (213) 417-8800
Email: o.orange@orangelawoffices.com

Dan Stormer, Esq. [S.B. # 101967]
Shaleen Shanbhag, Esq. [S.B. #301047]
HADSELL STORMER & RENICK LLP
128 N. Fair Oaks Avenue
Pasadena, California 91103
Telephone: (626) 585-9600
Facsimile: (626) 577-7079
Emails:  dstormer@hadsellstormer.com
          sshanbhag@hadsellstormer.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANASTASIA MARTINEZ,<br><br>          Plaintiff,<br><br>     v.<br><br>COUNTY OF LOS ANGELES, ALEX VILLANUEVA, CALIFORNIA COMMERCE CLUB, INC. and DOES 1 through 10,<br><br>          Defendants. | CASE NO.<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. VIOLATION OF CIVIL RIGHTS 42 U.S.C. § 1983 (Fourth Amendment)<br>2. VIOLATION OF CIVIL RIGHTS 42 U.S.C. § 1983 (Fourteenth Amendment)<br>3. VIOLATION OF CIVIL RIGHTS 42 U.S.C. §§ 1983, 1988 (Conspiracy)<br>4. VIOLATION OF CIVIL RIGHTS 42 U.S.C. § 1983 (Municipal Liability—*Monell*)<br>5. VIOLATION OF CIVIL RIGHTS 42 U.S.C. § 1983 (Municipal and Supervisory Liability—*Larez*) (Failure to Train and Supervise—*Canton*) |

*(Supplemental Jurisdiction)*

6. Bane Act (Cal. Civ. Code §52.1)
7. Gender Violence (Cal. Civ. Code §52.4)
8. Sexual Battery (Cal. Civ. Code §1708.5)
9. Assault
10. Battery
11. Cal Pen Code §679.02 (tort-in-essence)
12. Cal Pen Code §680 (tort-in-essence)
13. Cal Civ Code §43 (violation of personal rights)
14. Negligence (Cal Civ Code §§ 1714 and 3333)
15. Civil Conspiracy

JURY DEMAND

**PLAINTIFF ALLEGES AS FOLLOWS**:

This is a complaint for damages based upon federal and state civil rights violations and torts committed by the Defendant County of Los Angeles and its respective officials, uniformed peace officers, employees, and/or agents – as well as commercial hotel operator and employee defendants. This case is brought pursuant to 42 U.S.C. §§ 1983 and 1988 – as well as various other federal and state laws.

## JURISDICTION

1.  Plaintiff brings this case pursuant to 42 U.S.C. §§ 1983 and 1988. Jurisdiction is based upon 28 U.S.C. §§ 1331, 1343 (1–4). Supplemental jurisdiction exists over the state claims and Defendants pursuant to 28 U.S.C. § 1367. Plaintiff has timely satisfied the Tort Claims Act as to California state law claims made herein.

## VENUE

2.  The claims alleged herein arose from events or omissions that occurred in the County of Los Angeles. Therefore, venue lies in the Central District of California pursuant to 28 U.S.C. § 1391(b)(2).

Complaint for Damages

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **PARTIES**

### *Plaintiff*

3.    Plaintiff Anastasia Martinez, was a resident and private citizen of the State of California at all times material to this Complaint.

### *Defendants*

4.    Plaintiff is informed, believes, and thereupon alleges that Defendant DOE ONE ("ASSAULTING DEPUTY") was at all times material herein acting under color of law within the course and scope of his employment and office as a law enforcement officer and Sheriff's Deputy of the Los Angeles County Sheriff's Department ("LASD"). He is being sued individually and in his official capacity.

5.    Plaintiff is informed, believes, and thereupon alleges that Defendant ALEX VILLANUEVA ("Defendant Sheriff") was at all times material herein acting under color of law within the course and scope of his employment and office as a law enforcement officer and Sheriff of Los Angeles County. He is being sued individually and in his official capacity.

6.    Plaintiff is informed, believes, and thereupon alleges that Defendant COUNTY OF LOS ANGELES ("Defendant County") is a duly constituted governmental entity in the State of California, and is, or was at all times material herein, the employer of all Defendant Sheriff's Deputies, who are all sued in their individual and official capacities, Defendant DOES 3 through 5.

7.    Plaintiff is informed, believes, and thereupon alleges that Doe Defendant Two is a duly registered corporate and/or business entity in the State of California, and is or was at all times material herein, an employer of one, or all, of Defendant DOES 6 through 8.

Complaint for Damages

8.     Plaintiff is informed, believes, and thereupon alleges that Defendant CALIFORNIA COMMERCE CLUB, INC. ("Defendant Casino") owns and/or operates the Crowne Plaza Commerce Casino & Hotel, located on Telegraph Road in Commerce California, and is a duly registered corporate and/or business entity in the State of California, and is or was at all times material herein, an employer of one, or all, of Defendant DOES 6 through 8.

9.     The identities, capacities, and/or or nature of involvement of Defendant DOES 1 through 10 ("Doe Defendants") are presently unknown to Plaintiff.  Plaintiff therefore sues such persons using "Does" as fictitiously-named defendants. Plaintiff is informed, believes, and thereupon allege that there is likely to be evidentiary support to prove that each Doe Defendant was involved in some manner and legally responsible for the acts, omissions, and/or breaches of duty alleged below.  Plaintiff will amend the Complaint to name the Doe Defendants upon learning their true identities and roles in the actions complained of herein.

10.    All of the facts, acts, omissions, events, and circumstances herein mentioned and described occurred in the County of Los Angeles, State of California, and the corporate, business and/or entity Defendants, and each of them, are residents of the County of Los Angeles, State of California, and/or have their principal place of business in said County and State, and/or are doing business in said County and State.

11.    Plaintiff is informed, believes, and thereupon alleges that all Sheriff's Deputy Does, including ASSAULTING DEPUTY, were employed by Defendant County and were, at all times relevant and material to this Complaint, acting within the course and scope of their employment duties for Defendant County, and under color of law.  Plaintiff is informed, believes, and thereupon alleges that each of the individual Defendants' acts were known to, discovered by, approved by, and/or ratified by Defendant County, by and through their policy

4

makers, decision makers, officials, officers, and/or supervisors and applicable Doe Defendants.

12. Plaintiff is informed, believes, and thereupon alleges that Doe Defendants 6 through 8, at all times relevant and material to this Complaint, were acting within the course and scope of their employment duties for COMMERCE CASINO and/or Doe Defendant Two, under color of law. Plaintiff is informed, believes, and thereupon alleges that each of the individual Doe Defendants' acts were known to, discovered by, approved by, and/or ratified by COMMERCE CASINO and/or Doe Defendant Two, by and through policy makers, decision makers, officers, and/or supervisors, including applicable Doe Defendants.

13. Plaintiff is informed, believes, and thereupon alleges that officials, supervisors, policy makers, and other individuals with the authority to set or modify municipal and/or departmental policy, *de jure* or *de facto*, of Defendant County and/or Doe Defendants, participated in, approved of, ratified, and/or failed to prevent the acts by ASSAULTING DEPUTY and Doe Deputy Defendants of which Plaintiff complains herein.

14. Plaintiff is informed, believes, and thereupon alleges that at all times herein mentioned, each of the Defendants—including officials, supervisors, watch commanders, and other policy makers from Defendant County and/or Doe Defendants and their agents—was the agent, employee, or co-conspirator of one other, some, or all of their Co-Defendants. Plaintiff is informed, believes, and thereupon alleges that each of the Defendants, acting individually and/or in concert with each other, engaged in a common plan to violate Plaintiff's rights to privacy, security in person and effects, freedom from excessive force, freedom from unreasonable seizures, and due process of law, among others described herein – as well as assault and sexually batter Plaintiff and conceal and cover-up all Defendants' violations, failures and misdoings so as to obstruct Plaintiff in her pursuit of justice and accountability. In doing each and all of the

things herein mentioned, or neglecting or intentionally failing to rectify said misconduct, each and all Defendants were acting pursuant to a *de facto* policy and within the scope of such agency, employment, and conspiracy and with full permission, knowledge, approval, ratification, and support of each other.

## <u>FACTS COMMON TO ALL CLAIMS FOR RELIEF</u>

### *The Sexual Battery of Plaintiff Anastasia Martinez*

15.  Plaintiff, Anastasia Martinez, is a young mother of two minor children and resident of Los Angeles County, in California.

16.  Plaintiff was harmed when she was wrongfully and unlawfully detained, assaulted, sexually battered, left unprotected and taken advantage of by employees, deputies and/or agents (hereafter "deputies") of Defendant County and employees of Defendant Casino on or about August 14, 2021 (hereafter "date of the incident"), at the Crowne Plaza Commerce Casino & Hotel (the "hotel"), on Telegraph Road in Commerce, California.

17.  Just before midnight on the date of the incident and/or in the early morning hours on the day thereafter, the deputies responded to a call for service at the hotel following an altercation between Plaintiff and her boyfriend who both had multiple alcoholic beverages. Plaintiff's boyfriend left the hotel before the deputies arrived.

18.  While taking an incident report, the deputies obtained Plaintiff's personal information, her contact information, and her trust. The deputies accompanied Plaintiff to the front desk of the hotel and helped her obtain a new key for her hotel room. Following obtaining Plaintiff's information and trust, the deputies left the hotel. Plaintiff stayed in her hotel room.

Complaint for Damages

19.  After the deputies left the hotel, ASSAULTING DEPUTY, called Plaintiff's cell phone under the guise of asking if he could come back to her hotel room to check on her well-being. Plaintiff thought the call from ASSAULTING DEPUTY was unusual, but she agreed that ASSAULTING DEPUTY could return to check on her well-being because the deputies gained her trust.

20.  ASSAULTING DEPUTY returned to Defendant Casino's hotel, were Defendant Casino provided inadequate security by one of its employees showing and accompanying ASSAULTING DEPUTY to Plaintiff's hotel room door. Defendant Casino was aware of Plaintiff's intoxicated and vulnerable condition and knew there was no further or additional call for service related to Plaintiff.

21.  ASSAULTING DEPUTY arrived at Plaintiff's hotel room door – on duty – and dressed in his full uniform, including his badge and gun. When Plaintiff opened the door, ASSAULTING DEPUTY assertively stepped into her room and checked around corners making sure no one else was there. After Plaintiff sat down and expected ASSAULTING DEPUTY would discuss her well-being with her – ASSAULTING DEPUTY exposed his penis in an effort to obtain oral sex from Plaintiff. Plaintiff, being in fear for her safety if she did not engage in the oral sex act, engaged in oral sex with ASSAULTING DEPUTY upon penis. Plaintiff did not want to engage in oral sex with ASSAULTING DEPUTY, but felt she was not free to leave and had no choice.[1]

---

[1] "Police officers occupy a unique position of trust in our society … …  They are given the authority to detain and to arrest and, when necessary, to use deadly force. As visible symbols of that formidable power, an officer is furnished a distinctively marked car, a uniform, a badge, and a gun. Those who challenge an officer's actions do so at their peril." *Mary M. v. City of L.A.*, 54 Cal. 3d 202, 206 (1991).

Complaint for Damages

22.  During the coerced oral sex act, ASSAULTING DEPUTY caused his penis to touch Plaintiff's face and mouth and enter her mouth.

23.  During and after the coerced oral sex act, Plaintiff was extremely fearful, nervous, disoriented, in shock, and distraught. She called her mother and best friend to seek guidance and comfort.

24.  Because ASSAULTING DEPUTY called Plaintiff's cell phone, ASSAULTING DEPUTY'S phone number was known to Plaintiff and she gave it to her mother. Plaintiff's mother angrily called ASSAULTING DEPUTY to question him about sexually assaulting her daughter and promise to hold him accountable. On the call, ASSAULTING DEPUTY slyly responded to Plaintiff's mother "good luck."

25.  Hours later, Plaintiff was taken to the hospital for a rape kit. Plaintiff and her mother made a personnel complaint against ASSAULTING DEPUTY with LASD. Three LASD deputies obtained a statement from Plaintiff regarding the sexual assault. They informed Plaintiff that the hotel cameras showed ASSAULTING DEPUTY reentering the hotel on two separate occasions in the early morning hours on the date of the incident.

26.  Since the incident, Plaintiff, her advocates and her counsel, on several occasions have requested that Defendant County of Los Angeles provide Plaintiff with the name of ASSAULTING DEPUTY so as to enable Plaintiff to properly pursue justice for the violation of her civil rights as well as to be able to effectively report the crime that was committed against her and avail herself of the rights afforded victims of such crimes.

27.  Plaintiff also seeks the name of ASSAULTING DEPUTY as part of her process of mentally and emotionally working through the extreme despair and distress the incident has caused her.

Complaint for Damages

28.  LASD personnel, agents and employees of Defendant County, were on multiple occasions throughout September, October and November of 2021, and throughout 2022 – asked by Plaintiff and her representatives for the identity of ASSAULTING DEPUTY during phone calls and at multiple locations, including but not limited to, at the U.S. Federal Bureau of Investigation's (FBI) West Los Angeles offices and the LASD Internal Criminal Investigation offices (with FBI agent and Deputy District Attorney present). On every such occasion, LASD refused, and continues to refuse, to disclose to Plaintiff the name of the law enforcement officer who violated her rights and committed the sex crime against her.

29.  The conduct by agents and employees of the Los Angeles County Sheriff's Department – beginning with the sex crime against Plaintiff, the violation of her rights, and the subsequent intentional concealment of the identity of ASSAULTING DEPUTY to frustrate, interfere with and prevent Plaintiff's efforts to secure justice and due process of law are outrageous, shocking to the conscience, unlawful, conspiratorial and committed in whole or in part with the express design to limit the County of Los Angeles' liability for civil rights violations and keep the County of Los Angeles and its officials from suffering public humiliation and ridicule for their inability and/or unwillingness to prevent unlawful acts by their own law enforcement officers.

30.  Further, the conduct by agents and employees of the County of Los Angeles evinces a clear and unlawful difference in treatment of persons who are victims of crimes and sex crimes committed by law enforcement officers – as opposed to victims who suffer at the hands of non-law enforcement officer perpetrators. A crime is a crime. NO ONE IS ABOVE THE LAW.

Complaint for Damages

31.   Plaintiff did nothing to justify the shocking, unlawful and reprehensible action taken against her by the LA County personnel described herein. Consequently, each such person's actions under the presented circumstances were excessive, unlawful, malicious, oppressive, and with a deliberate indifference to Plaintiff's rights, justifying the imposition of punitive damages. Further, the government agents, and each of them, acted individually, and agreed, conspired and acted in concert with each other to injure Plaintiff, violate her civil rights and/or conceal evidence thereof.   Moreover, several unidentified agents, employees, supervisors, officials and/or policy makers of the Los Angeles County Sheriff's Department approved of, enabled, failed to prevent and/or ratified all of the conduct complained of herein.

32.   Plaintiff did nothing to justify, authorize, excuse or in any way make lawful Defendant Casino's agents' and employees' failures to protect her and breaches of duty as described throughout this lawsuit.

33.   Plaintiff endured, and continues to endure, substantial pain and suffering due to the acts and omissions of all defendants, and each of them.

**CLAIMS FOR RELIEF**

\*\*\*

**FIRST CLAIM FOR RELIEF**
**VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)**
**Fourth Amendment (Unlawful Seizure)**
**By Plaintiff Against Defendant County and ASSAULTING DEPUTY**

34.   Plaintiff incorporates all paragraphs of this Complaint, as though fully set forth herein.

Complaint for Damages

35.  This cause of action arises under 42 U.S.C. § 1983, wherein Plaintiff seeks to redress a deprivation under color of law of a right, privilege, or immunity secured to persons by the Fourth Amendment to the United States Constitution.

36.  The Fourth Amendment protects persons from unreasonable searches and seizures, including the use of excessive force.

37.  The unlawful seizure of Plaintiff by the ASSAULTING DEPUTY was accomplished under the guise of continuing efforts related to the incident for which ASSAULTING DEPUTY originally encountered Plaintiff. The seizure of Plaintiff was accomplished via ASSAULTING DEPUTY'S show of authority as a law enforcement officer – displaying his gun, uniform, badge (and later his penis) – during his presence which he initially claimed was for a law enforcement purpose. Plaintiff was reasonably fearful for her safety and did not feel free to leave because she was within the confines of her hotel room, alone with ASSAULTING DEPUTY displaying his uniform, badge, gun and … penis. ASSAULTING DEPUTY'S seizure of Plaintiff was without lawful basis, reasonable suspicion, probable cause, or warrant, or any recognized exceptions thereto, or justification or excuse, and was thus unreasonable and in violation of Plaintiff's Fourth Amendment rights. It is has long been the case that a law enforcement officer's desire to display his penis and have sexual gratification is not a sufficient legal basis for a seizure – in America.

## SECOND CLAIM FOR RELIEF
### VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)
### Fourteenth Amendment (Due Process)
### By Plaintiff Against Defendants County, Sheriff, ASSAULTING DEPUTY, and DOES

38.  Plaintiff incorporates all paragraphs of this Complaint, as though fully set forth

11

herein.

39. This cause of action arises under 42 U.S.C. § 1983, wherein Plaintiff seeks to redress a deprivation under color of law of a right, privilege, or immunity secured to persons by the Fourteenth Amendment to the United States Constitution.

40. Fourteenth Amendment guarantees Plaintiff substantive and procedural due process of law. Defendants' actions complained of herein were violations of both guarantees of due process.

### *The Display of the Penis and Coerced Sex Act*
### *While In Uniform*

41. ASSAULTING DEPUTY, an officer of the law, used his position and authority as a government agent to victimize and coerce sex from a highly intoxicated young woman he encountered under the auspices of a service call.

42. Later, when confronted by his victim's mother about being held accountable, ASSAULTING DEPUTY told her mother "good luck."

43. ASSAULTING DEPUTY'S uniformed display of his penis, coercion of sex, and taunting of his victim's mother are all outrageous government conduct.

44. The collaboration and agreement and by Doe Deputies is also outrageous (see *infra*).

### *The Cover-Up by the Sheriff and County*

45. ASSAULTING DEPUTY'S and outrageous conduct is compounded and made worse by the conduct of Defendant Sheriff and Defendant County's concealment of ASSAULTING DEPUTY'S identity. Concealing ASSAULTING DEPUTY'S identity impedes and prevents Plaintiff from

healing and working through emotional and psychological trauma from the incident, and obstructs her pursuit of accountability for his unlawful conduct.

46. Defendant Sheriff's and Defendant County's conduct of concealment is outrageous government conduct

47. The complained of acts of Defendants were beyond the bounds of acts tolerable in a civilized society, and so egregious and outrageous that they may fairly be said to shock the contemporary conscience.

48. Plaintiff specifically alleges that Defendants' complained of acts and/or omissions, were within each of their control, and within the feasibility of each of them, to alter, adjust, and/or correct so as to prevent some or all of the unlawful acts and injury complained of herein by Plaintiff.


**THIRD CLAIM FOR RELIEF**

**VIOLATION OF CIVIL RIGHTS (42 U.S.C. §§ 1983, 1988)**

**Conspiracy to Violate Civil Rights**

**By Plaintiff Against All Defendants and DOES**


***The Collaboration***

49. Plaintiff incorporates all paragraphs of this Complaint, as though fully set forth herein.

50. This cause of action arises under 42 U.S.C. §§ 1983 and 1988, wherein Plaintiff seeks to redress a deprivation under color of law of a right, privilege or immunity secured by the United States Constitution.

51. Defendants and DOES and each of them, acted as described herein, in conspiracy with, and with the agreement, permission, ratification, and approval of, each other to violate Plaintiff's civil rights afforded under the United States Constitution.

Complaint for Damages

52.   Plaintiff is informed, believes and alleges that each of the deputies who responded to the call for service and were present at her hotel room observed her intoxicated and vulnerable state of being. The deputies, and each of them, then all communicated, collaborated, planned and selected one of them to return to Plaintiff's hotel room and have sex with Plaintiff. ASSAULTING DEPUTY is the deputy all the deputies jointly agreed upon, selected and assisted.

53.   Plaintiff is informed, believes and alleges that upon his return to Defendant Casino's premises, ASSAULTING DEPUTY collaborated with one or more of Defendant Casino's employees and/or agents to find, be escorted to, and gain entry to Plaintiff's hotel room under the false pretense of checking on Plaintiff's well-being.

### *The Cover-Up*

54.   Plaintiff is informed, believes and alleges that all the denials of all of Plaintiff's requests to know the identity of ASSAULTING DEPUTY have been the result of a concerted plan and agreement between various employees and officials of Defendant County to frustrate, flummox and foil Plaintiff's efforts to seek and obtain justice and accountability for the wrongdoing wrought upon her by defendants – and each of them.

55.   Plaintiff is informed, believes and alleges that Defendant County and its officials and employees, including Defendant Sheriff, are collaborating to intentionally withhold even the most basic information from Plaintiff about the identity of ASSAULTING DEPUTY, obstructing her pursuit of justice, so as to minimize the risk to Defendant County and Defendant Sheriff of embarrassment, humiliation and adverse damages judgments. Plaintiff is legally entitled to the information she is seeking and the defendants are working together to make sure she does not get it.

Complaint for Damages

56.  Plaintiff specifically alleges that Defendants' complained of acts and/or omissions, were within each of their control, and within the feasibility of each of them, to alter, adjust, and/or correct so as to prevent some or all of the unlawful acts and injury complained of herein by Plaintiff.

## FOURTH CLAIM FOR RELIEF
### VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)
### Unconstitutional Policy, Custom, or Procedure (*Monell*)
### By Plaintiff Against Defendant County

57.  Plaintiff incorporates all paragraphs of this Complaint, as though fully set forth herein.

58.  This cause of action arises under 42 U.S.C. § 1983, wherein Plaintiff seeks to redress a deprivation under color of law of a right, privilege, or immunity secured by the United States Constitution.

59.  Defendant County violated Plaintiff's constitutional rights, as alleged throughout this Complaint, by creating and maintaining the following unconstitutional customs and practices, *inter alia*:

(i)      Plaintiff alleges that Defendant County has a *de facto* policy, custom or practice of condoning, ratifying, failing to discipline, failing to investigate, and of retaining, personnel who commit sexual assault, sexual battery and/or gender violence;

(ii)     Plaintiff alleges that Defendant Sheriff has a *de facto* policy, custom or practice of condoning, ratifying, failing to discipline, failing to investigate, and of retaining, personnel who harass and discriminate against women and/or treat them less favorably based upon their gender;

(iii)    Plaintiff alleges that Defendant County has a *de facto* policy, custom or practice of condoning, ratifying, failing to discipline, failing to investigate, and

of retaining, personnel who conceal and suppress evidence of LASD wrongdoing to avoid public scrutiny and adverse judgments; and

(iv)    The allegations in items (i) through (iii) hereinabove are supported by the facts of the following incidents, *inter alia*:

a.  [gender violence] LASD Deputy Jose Rigaberto Sanchez raped 24 year-old woman and a 36 year-old woman (2014), LASD Deputy Giancarlo Scotti raped six women (2017), LASD Detective Neil Kimball raped 15 year-old girl (2018), LASD Deputy Sean Essex raped girl under 14 years old (2022);

b.  [gender discrimination] LASD Deputy Carl Mandoyan is abusive, threatening and tries to break in the house of female trainee with whom he becomes intimate – tells her "this is what happens to fucking disrespectful fucking bitches" – is rehired (with backpay) by Defendant Sheriff after being terminated by his predecessor. Defendant Sheriff accuses victim (also an LASD deputy) of " … [A] prior history of making outrageous allegations not supported by facts. Kind of a—what's that, the lacrosse players that were accused …" "Kind of like that. She needs help." (2018)

c.  [evidence suppression and cover-up] Former LASD Chief Lajuana Haselrig, a 34-year LASD veteran, filed a whistleblower lawsuit one week after LASD Deputy Robin Limon also filed a whistleblower lawsuit in response to Defendant Sheriff's alleged attempted cover-up and suppression of a video wherein LASD Deputy Douglas Johnson kneels on the head of inmate Enzo Escalante (2022). Further, Sheriff tolerates, condones and denies the existence of deputy gangs within his department which commit unlawful acts and discriminate against and oppress women. (ongoing)

60.    Defendant County's and Defendant Sheriff's policies, practices or customs encourage, support and ratify conduct such as that, and that, of ASSAULTING DEPUTY in this case.

61.    Defendant County's policies, practices or customs caused and were the moving force and/or affirmative link behind some or all of the violations of Plaintiff's constitutional rights at issue in this case.

62.    Plaintiff is informed, believes, and thereupon alleges that these policies, practices, customs, and procedures are intentional and/or the result of deliberate indifference on the part of Defendant County, by and through its decision makers, including Defendant Sheriff.

63.    The foregoing unconstitutional customs and practices were a direct and legal cause of harm to Plaintiff.

64.    Plaintiff specifically alleges that Defendant County's policies, customs, and/or practices, as described herein, were within the control of Defendant County and within the feasibility of Defendant County, to alter, adjust, and/or correct so as to prevent some or all of the unlawful acts and injury complained of herein by Plaintiff.

## **FIFTH CLAIM FOR RELIEF**
### **VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)**
**Failure to Train, Supervise, Discipline, or Correct (*Larez* & *City of Canton*)**
**By Plainitff Against Defendants County and Sheriff**

65.    Plaintiff incorporates all paragraphs of this Complaint, as though fully set forth herein.

66.    This cause of action arises under 42 U.S.C. § 1983, wherein Plaintiff seeks to redress a deprivation under color of law of a right, privilege, or immunity secured by the United States Constitution.

Complaint for Damages

67.   Defendant County and Defendant Sheriff, and each of them, violated Plaintiff's constitutional rights, as alleged in this Complaint, by creating and maintaining the following unconstitutional customs and practices, *inter alia*:

(i)   Plaintiff is informed, believes, and thereupon alleges that Defendant County and Defendant Sheriff, and each of them, have ample reason to know, based upon arrest reports, complaints, claims for damages, *inter alia*, that County officers and/or employees regularly engage in the misdeeds set forth in this entire complaint;

(ii)   Plaintiff is informed, believes, and thereupon alleges that Defendant County and Defendant Sheriff, and each of them, have failed to properly train, supervise, and/or discipline employees, officers, managers, and supervisors within the Los Angeles County Sheriff's Department ("LASD") as to the legal requirements and protections for persons as set forth in the United States and California Constitutions, and other laws;

(iii)   Plaintiff is informed, believes, and thereupon alleges that Defendant County and Defendant Sheriff, and each of them, have failed to properly train, supervise, and/or discipline employees, officers, managers, and supervisors within the LASD as to avoidance and prevention of gender discrimination and gender violence;

(iv)   Plaintiff is informed, believes, and thereupon alleges that Defendant County and Defendant Sheriff, and each of them, have failed to properly train, supervise, and/or discipline employees, officers, managers, and supervisors within the LASD as to avoidance and prevention of sexual harassment;

(v)   Plaintiff is informed, believes, and thereupon alleges that Defendant County has failed to properly train, supervise, and/or discipline employees, officers, managers, and supervisors within the LASD as to the lawful requirements regarding disclosure and release of information about officer and/or employee misconduct to victims and the public; and

(vi)   Plaintiff alleges that these failures amount to a *de facto* policy and are intentional and/or the result of deliberate indifference on the part of Defendant County and Defendant Sheriff, and each of them.  These include, but are not limited to, all supervisors and their subordinates, as necessary to further these improper policies, practices, customs, and procedures.

68.   The foregoing unconstitutional customs and practices were a direct and legal cause of harm to Plaintiff.

69.   Some or all Doe defendants acted in a supervisory capacity with respect to the incidents involving Plaintiff.  In that capacity, those persons acted intentionally, maliciously, in conscious disregard, and/or with deliberate indifference to the rights of Plaintiff.

70.   These supervisory failures directly caused and contributed to Plaintiff's damages.

71.   Plaintiff specifically alleges that Defendants' policies, customs, and practices, as described *supra*, were within each of their control, and within the feasibility of each of them, to alter, adjust, and/or correct so as to prevent some or all of the unlawful acts and injury complained of herein by Plaintiff.

## **SIXTH CLAIM FOR RELIEF**
### **BANE ACT (Cal. Civ. Code §52.1)**
### **By Plaintiff Against All Defendants**

72.   Plaintiff incorporates all paragraphs in this Complaint, as though fully set forth herein.

73.   All defendants, and each of them, by doing and/or causing the acts complained of in this entire Complaint, violated Plaintiff's civil rights per California Civil Code Sections 52.1 and 52(b) by doing the acts described herein above. Each

Complaint for Damages

act and/or violation of rights done by each Defendant and/or deputy to Plaintiff was done by way of threats, intimidation and/or coercion beyond that inherent in each act and/or violation of rights itself because, *inter alia,* each act was additionally a violation of personal rights under Cal. Civ. Code §43. There were also multiple coercive acts.

74. Entity and/or agency defendants are liable to plaintiff for the acts of their public employees, the individual defendants herein, for conduct and/or omissions herein alleged, pursuant to the doctrine of *Respondeat Superior*, codified at California Government Code § 815.2.

75. Defendants, and each of them, for the respective acts and violations pleaded herein above, are liable to Plaintiff for damages, and penalties and attorneys' fees as provided in California Civil Code §52(b), including but not limited to an amount no less than $25,000 to Plaintiff, per each Defendant, per each violation of right, in addition to all other remedies supported by or provided for by law.

76. Defendants, and each of them, for the respective acts and violations pleaded herein above, are liable to Plaintiff for attorneys' fees as provided in California Civil Code § 52(b)(3).

77. Defendants, and each of them, for the respective acts and violations pleaded herein above, are liable to Plaintiff for damages, penalties and attorneys' fees as provided in California Civil Code § 52.1(b).

78. Plaintiff specifically alleges that Defendants' complained of acts and/or omissions, were within each of their control, and within the feasibility of each of them, to alter, adjust, and/or correct so as to prevent some or all of the unlawful acts and injury complained of herein by Plaintiff.

## SEVENTH CLAIM FOR RELIEF
### SEXUAL BATTERY (Cal. Civ. Code §1708.5)

Complaint for Damages

**By Plaintiff Against ASSAULTING DEPUTY**

79. Plaintiff incorporates all paragraphs in this Complaint, as though fully set forth herein.

80. ASSAULTING DEPUTY, by doing and/or causing the acts complained of in this entire Complaint, is liable for committing the tort of sexual battery as defined by Cal. Civ. Code §1708.5.

81. Entity and/or agency defendants are liable to plaintiff for the acts of their public employees, the individual defendants herein, for conduct and/or omissions herein alleged, pursuant to the doctrine of *Respondeat Superior*, codified at California Government Code § 815.2.

82. Plaintiff specifically alleges that Defendants' complained of acts and/or omissions, were within each of their control, and within the feasibility of each of them, to alter, adjust, and/or correct so as to prevent some or all of the unlawful acts and injury complained of herein by Plaintiff.

## EIGHTH CLAIM FOR RELIEF
### SEXUAL BATTERY (Cal. Civ. Code §1708.5)
### By Plaintiff Against ASSAULTING DEPUTY

83. Plaintiff incorporates all paragraphs in this Complaint, as though fully set forth herein.

84. ASSAULTING DEPUTY, by doing and/or causing the acts complained of in this entire Complaint, is liable for committing the tort of sexual battery as defined by Cal. Civ. Code §1708.5.

85. Entity and/or agency defendants are liable to plaintiff for the acts of their public employees, the individual defendants herein, for conduct and/or omissions

Complaint for Damages

herein alleged, pursuant to the doctrine of *Respondeat Superior*, codified at California Government Code § 815.2.

86.   Plaintiff specifically alleges that Defendants' complained of acts and/or omissions, were within each of their control, and within the feasibility of each of them, to alter, adjust, and/or correct so as to prevent some or all of the unlawful acts and injury complained of herein by Plaintiff.

## NINTH CLAIM FOR RELIEF
### ASSAULT
### By Plaintiff Against ASSAULTING DEPUTY

87.   Plaintiff incorporates all paragraphs in this Complaint, as though fully set forth herein.

88.   ASSAULTING DEPUTY, by doing and/or causing the acts complained of in this entire Complaint, is liable for committing the tort of assault.

89.   Entity and/or agency defendants are liable to plaintiff for the acts of their public employees, the individual defendants herein, for conduct and/or omissions herein alleged, pursuant to the doctrine of *Respondeat Superior*, codified at California Government Code § 815.2.

90.   Plaintiff specifically alleges that Defendants' complained of acts and/or omissions, were within each of their control, and within the feasibility of each of them, to alter, adjust, and/or correct so as to prevent some or all of the unlawful acts and injury complained of herein by Plaintiff.

## TENTH CLAIM FOR RELIEF
### BATTERY
### By Plaintiff Against ASSAULTING DEPUTY

Complaint for Damages

91.   Plaintiff incorporates all paragraphs in this Complaint, as though fully set forth herein.

92.   ASSAULTING DEPUTY, by doing and/or causing the acts complained of in this entire Complaint, is liable for committing the tort of battery.

93.   Entity and/or agency defendants are liable to plaintiff for the acts of their public employees, the individual defendants herein, for conduct and/or omissions herein alleged, pursuant to the doctrine of *Respondeat Superior*, codified at California Government Code § 815.2.

94.   Plaintiff specifically alleges that Defendants' complained of acts and/or omissions, were within each of their control, and within the feasibility of each of them, to alter, adjust, and/or correct so as to prevent some or all of the unlawful acts and injury complained of herein by Plaintiff.

## ELEVENTH CLAIM FOR RELIEF
### VICTIM'S RIGHTS VIOLATION
### (Cal Pen Code §679.02 – tort-in-essence)
**By Plaintiff Against Defendants County, Sheriff and ASSAULTING DEPUTY**

95.   Plaintiff incorporates all paragraphs in this Complaint, as though fully set forth herein.

96.   ASSAULTING DEPUTY, Defendant Sheriff and Defendant County by doing and/or causing the acts complained of in this entire Complaint, and each of them, are liable for violating Plaintiff's rights as a victim under California law, as set forth in Cal Pen Code §679.02.

97.   All of the rights set forth in Cal Pen Code §679.02, including but not limited to Section (a)(8), require that the victim (Plaintiff in this case) be provided with

Complaint for Damages

information necessarily inclusive of the identity of the assailant in order to be meaningful.

98. Tort in essence claims are authorized by *Stop Youth Addiction v. Lucky Stores* (1998) 17 Cal.4th 553, 572.

99. Plaintiff falls within the class of persons intended to be protected from harm, and suffered the harm specified, by Cal Pen Code §679.02.

100. Defendants' actions as complained of throughout this Complaint have caused harm sought to be prevented by Cal Pen Code §679.02, *inter alia*, the withholding of information about the incident and assailant from the victim.

101. Defendant County is liable to Plaintiff for the acts of its public employees, the individual Defendants herein, for conduct and/or omissions herein alleged, pursuant to the doctrine of Respondeat Superior, codified at California Government Code § 815.2.

102. Plaintiff specifically alleges that Defendants' complained of acts and/or omissions, were within each of their control, and within the feasibility of each of them, to alter, adjust, and/or correct so as to prevent some or all of the unlawful acts and injury complained of herein by Plaintiff.

## TWELFTH CLAIM FOR RELIEF
### SEXUAL ASSAULT VICTIM'S DNA RIGHTS VIOLATION
### (Cal Pen Code §680 – tort-in-essence)
**By Plaintiff Against Defendants County, Sheriff and ASSAULTING DEPUTY**

103. Plaintiff incorporates all paragraphs in this Complaint, as though fully set forth herein.

104. ASSAULTING DEPUTY, Defendant Sheriff and Defendant County by doing and/or causing the acts complained of in this entire Complaint, and each of them,

are liable for violating Plaintiff's rights as a victim under California law, as set forth in Cal Pen Code §680.

105. Rights set forth in Cal Pen Code §680, including but not limited to Section (c)(2), require that the victim (Plaintiff in this case) be provided with information necessarily inclusive of the identity of the assailant in order to be meaningful.

106. Tort in essence claims are authorized by *Stop Youth Addiction v. Lucky Stores* (1998) 17 Cal.4th 553, 572.

107. Plaintiff falls within the class of persons intended to be protected from harm, and suffered the harm specified, by Cal Pen Code §680.

108. Defendants' actions as complained of throughout this Complaint have caused harm sought to be prevented by Cal Pen Code §680, *inter alia*, the withholding of information about the incident and assailant from the victim.

109. Defendant County is liable to Plaintiff for the acts of its public employees, the individual Defendants herein, for conduct and/or omissions herein alleged, pursuant to the doctrine of Respondeat Superior, codified at California Government Code § 815.2.

110. Plaintiff specifically alleges that Defendants' complained of acts and/or omissions, were within each of their control, and within the feasibility of each of them, to alter, adjust, and/or correct so as to prevent some or all of the unlawful acts and injury complained of herein by Plaintiff.

### THIRTEENTH CLAIM FOR RELIEF
### VIOLATION OF PERSONAL RIGHTS
### (Cal Civ Code §43)
### By Plaintiff Against ALL Defendants

111.   Plaintiff incorporates all paragraphs in this Complaint, as though fully set forth herein.

112.   All defendants, by doing and/or causing the acts complained of in this entire Complaint, and each of them, are liable for violating Plaintiff's rights under California law, as set forth in Cal Civ Code §43.

113.   Entity and/or Corporate defendants are liable to Plaintiff for the acts of their employees, the individual Defendants herein, for conduct and/or omissions herein alleged, pursuant to the doctrine of Respondeat Superior, codified at California Government Code § 815.2, elsewhere and as asset forth by precedent.

114.   Plaintiff specifically alleges that Defendant's complained of acts and/or omissions, were within each of their control, and within the feasibility of each of them, to alter, adjust, and/or correct so as to prevent some or all of the unlawful acts and injury complained of herein by Plaintiff.

## FOURTEENTH CLAIM FOR RELIEF
### NEGLIGENCE
### Cal Civ Code §§ 1714, 3333
### By Plaintiff Against All Defendants

115.   Plaintiff incorporates all paragraphs in this Complaint, as though fully set forth herein.

116.   This claim is brought pursuant to California state law, including but not limited to, Cal Civ Code §§ 1714, 3333.

117.   Defendants, and each of them, generally owed Plaintiff a duty of reasonable care to avoid exposing her to reasonably foreseeable risks of harm or injury by acting reasonably under the circumstances complained of in this Complaint.

118.   As to Defendant Casino, "[H]otel proprietors have a special relationship with

26

their guests that gives rise to a duty similar to that owed by common carriers 'to protect them against unreasonable risk of physical harm.'" *Peterson v. Superior Court*, 10 Cal. 4th 1185, 1206 (1995).

119.   All Defendants, and each of them, breached their duty of reasonable care, as complained of in this Complaint, by failing to act reasonably under the circumstances and exposing Plaintiff to reasonably foreseeable risks of harm or injury.

120.   As a direct, legal and proximate result of the aforementioned conduct, Plaintiff suffered extreme physical, emotional and psychological pain and injury, as well continues to suffer extreme emotional and psychological pain and injury.

121.   Entity and/or Corporate defendants are liable to Plaintiff for the acts of their employees, the individual Defendants herein, for conduct and/or omissions herein alleged, pursuant to the doctrine of Respondeat Superior, codified at California Government Code § 815.2, elsewhere and as asset forth by precedent.

122.   Plaintiff specifically alleges that Defendant's complained of acts and/or omissions, were within each of their control, and within the feasibility of each of them, to alter, adjust, and/or correct so as to prevent some or all of the unlawful acts and injury complained of herein by Plaintiff.

## FIFTEENTH CLAIM FOR RELIEF
### CIVIL CONSPIRACY
### By Plaintiff Against ALL Defendants

123.   Plaintiff incorporates all paragraphs in this Complaint, as though fully set forth herein.

124.   All defendants, by collaborating and agreeing to do and/or cause the acts complained of in this entire Complaint, and each of them, caused Plaintiff harm and are liable to Plaintiff as co-conspirators under California law.

Complaint for Damages

125. "As long as two or more persons agree to perform a wrongful act, the law places civil liability for the resulting damage on all of them, regardless of whether they actually commit the tort themselves." *Wyatt v. Union Mortgage Co*., 24 Cal.3d 773, 784 (1979).

126. Plaintiff specifically alleges that Defendant's complained of acts and/or omissions, were within each of their control, and within the feasibility of each of them, to alter, adjust, and/or correct so as to prevent some or all of the unlawful acts and injury complained of herein by Plaintiff.

## **DAMAGES**

127. Each of the aforementioned acts by each Defendant directly, legally and proximately caused Plaintiff the following, *inter alia*: violation of civil rights, violation of personal security, loss of enjoyment of personal security, violation of personal liberty and freedom to physically move about, loss of enjoyment of personal liberty and freedom to physically move about, humiliation, great and extreme emotional pain, anguish and suffering, and physical injury and pain and suffering.

## **PRAYER FOR RELIEF**

128. **WHEREFORE**, Plaintiff prays for the following relief from Defendants, and each of them, for each of the above causes of action:

    (i)    For compensatory damages, including general and special damages, according to proof;

    (ii)    For punitive damages pursuant to 42 U.S.C. §1983 and California Civil Code §§ 3294 and 52.1(b), and any other applicable laws or

statutes, in an amount sufficient to deter and make an example of each non-governmental entity Defendant;

    (iii)   For statutory damages, according to proof;

    (iv)   For prejudgment interest according to proof;

    (v)   For reasonable attorney fees pursuant to 42 U.S.C. §§ 1983, 1988; California Civil Code §§ 52.1, 52(b)(3); California Code of Civil Procedure § 1025.1; and any other applicable provisions;

    (vi)   For damages, costs and all other relief per Cal. Civ. Code §1708.5

    (vii)   For costs of suit; and

    (viii)  For such further relief which is just and proper.

Dated: SEPTEMBER 12, 2022.

Respectfully submitted,
ORANGE LAW OFFICES
HADSELL STORMER & RENICK LLP

*/s/ - Olu K. Orange*

By: _____
       Olu K. Orange, Esq.
      Attorneys for Plaintiff

Complaint for Damages

1

## <u>JURY DEMAND</u>

2

3    Plaintiff hereby demands a trial by jury in this action.

4

5

Dated: SEPTEMBER 12, 2022.            Respectfully submitted,

6                                             ORANGE LAW OFFICES

7                                             HADSELL STORMER & RENICK LLP

8                                             */s/ - Olu K. Orange*

9

10                                            By: _____

11                                                 Olu K. Orange, Esq.
                                                 Attorneys for Plaintiff

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint for Damages