1  Thomas C. Hurrell, State Bar No. 119876
   E-Mail: thurrell@hurrellcantrall.com
2  Diane Martinez, State Bar No. 276499
   E-Mail: dmartinez@hurrellcantrall.com
3  Tasha T. Salveron, State Bar No. 336596
   E-Mail: tsalveron@hurrellcantrall.com
4  HURRELL CANTRALL LLP
   725 S. Figueroa Street, Suite 3800
5  Los Angeles, California 90017
   Telephone: (213) 426-2000
6  Facsimile: (213) 426-2020

7  Attorneys for Defendants, COUNTY OF LOS ANGELES and SHERIFF ALEX VILLANUEVA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ANASTASIA MARTINEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF LOS ANGELES, ALEX VILLANUEVA, CALIFORNIA COMMERCE CLUB, INC. and DOES 1 through 10,<br><br>　　　　Defendants. | Case No. 2:22-cv-06589-DSF(AFMx)<br><br>**STIPULATED PROTECTIVE ORDER AND ORDER**<br><br>Hon. Alexander F. MacKinnon, Crtm. 780 |

## 1. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and

use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13.3 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal. Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal. Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

2.  **GOOD CAUSE STATEMENT**

This action involves the County of Los Angeles ("County"); former Los Angeles County Sheriff's Department ("LASD") Sheriff Alex Villanueva ("Villanueva"); California Commerce Club, Inc. ("Hotel"); and unnamed LASD deputy(ies). Plaintiff seeks materials and information that the County maintains as confidential, such as the personnel files of the deputy(ies) involved in this incident; Internal Affairs materials and information; Investigative Reports; emergency responder Records of Service; records and logs, including recordings of Sheriff radio traffic; cellular phone records and logs; witness statements and reports; body worn recording device recordings; incident reports; and information and other administrative materials and information currently in possession of the County, and which the County believes need special protection from public disclosure and from use for any purpose other than prosecuting this litigation. Plaintiff is also seeking official information contained in the personnel files of the deputy(ies) involved in the subject incident, which the County maintains as strictly confidential and which the County believes need special protection from public disclosure and from use for any purpose other than prosecuting this litigation.

The County asserts that the confidentiality of the materials and information sought by Plaintiff is recognized by California and federal law as evidenced, *inter*

*alia*, by California *Penal Code* section 832.7 and *Kerr v. United States Dist. Ct. for N.D. Cal.*, 511 F.2d 192, 198 (9th Cir. 1975), aff'd, 426 U.S. 394 (1976). The County has not publicly released the materials and information referenced above, except under protective order or pursuant to a court order, if at all. These materials and information are of the type that has been used to initiate disciplinary action against LASD deputies, and has been used as evidence in disciplinary proceedings, where the LASD deputies' conduct were considered to be contrary to LASD policy.

The County contends that absent a protective order delineating the responsibilities of nondisclosure on the part of the parties hereto, there is a specific risk of unnecessary and undue disclosure by one or more of the many attorneys, secretaries, law clerks, paralegals and expert witnesses involved in this case, as well as the corollary risk of embarrassment, harassment and professional and legal harm on the part of the LASD deputies referenced in the materials and information.

The County also contends that the unfettered disclosure of the materials and information, absent a protective order, would allow the media to share this information with potential jurors in the area, impacting the rights of the County herein to receive a fair trial.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

Plaintiff does not agree with and does not stipulate to the County's contentions stated herein, and nothing in this Stipulation or its associated Order shall resolve the parties' disagreement, or bind them, concerning the legal statements and claimed privileges set forth above. However, Plaintiff agrees that there is Good Cause for a Protective Order so as to preserve the respective interests of the parties while streamlining the process of resolving any disagreements.

The parties jointly contend that there is typically a particularized need for protection as to any medical and psychotherapeutic records and LASD personnel and investigative records, because of the privacy interests at stake therein. Because of these sensitive interests, a Court Order should address these documents rather than a private agreement between the parties.

The parties therefore stipulate that there is Good Cause for, and hereby jointly request that the honorable Court issue a Protective Order regarding confidential documents consistent with the terms and provisions of this Stipulation. However, the entry of a Protective Order by the Court pursuant to this Stipulation shall not be construed as any ruling by the Court on the aforementioned legal statements or privilege claims in this section, nor shall this section be construed as part of any such Court Order.

3. **DEFINITIONS**

    3.1    **Action**: *Anastasia Martinez v. County of Los Angeles, Alex Villanueva, California Commerce Club, Inc.* and DOES 1—10, Case No. CV22-06589 DSF (AFM).

    3.2    **Challenging Party**: A Party or Nonparty that challenges the designation of information or items under this Stipulated Protective Order.

    3.3    **"CONFIDENTIAL" Information or Items**: Information (regardless of how it is generated, stored or maintained) or tangible things that

4

qualify for protection under Federal Rules of Civil Procedure 26(c), and as specified above in the Good Cause Statement.  This also includes (1) any information copied or extracted from the Confidential information; (2) all copies, excerpts, summaries, abstracts or compilations of Confidential information; and (3) any testimony, conversations, or presentations that might reveal Confidential information.

3.4 **Counsel**:  Outside Counsel of Record and In-House Counsel (as well as their support staff).

3.5 **Designating Party**:  A Party or Nonparty that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

3.6 **Disclosure or Discovery Material**:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

3.7 **Expert**:  A person with specialized knowledge or experience in a matter pertinent to the litigation, who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

3.8 **Final Disposition**: when this Action has been fully and completely terminated by way of settlement, dismissal, trial, appeal, and/or remand to state court.

3.9 **In-House Counsel**:  Attorneys who are employees of a party to this Action.  In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

3.10 **Non-Party**:  Any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

3.11 **Outside Counsel of Record**:  Attorneys who are not employees of a

party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

3.12 **Party**:  Any party to this Action, including all of its officers, directors, boards, departments, divisions, employees, consultants, retained experts, In-House Counsel, and Outside Counsel of Record (and their support staff).

3.13 **Producing Party**:  A Party or Nonparty that produces Disclosure or Discovery Material in this Action.

3.14 **Professional Vendors**:  Persons or entities that provide litigation support services (e.g. photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.15 **Protected Material**:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

3.16 **Receiving Party**:  A Party that receives Disclosure or Discovery Material from a Producing Party.

4. **SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Protected Material  (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, abstracts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Stipulated Protective Order does not govern the use of Protected Material at trial.

///

## 5. DURATION

Once a case proceeds to trial, information that was designated as CONFIDENTIAL or maintained pursuant to this Stipulated Protective Order and that is introduced or admitted as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this protective order do not extend beyond the commencement of the trial as to the CONFIDENTIAL information and materials introduced or admitted as an exhibit at trial.

## 6. DESIGNATING PROTECTED MATERIAL

### 6.1 Exercise of Restraint and Care in Designating Material for Protection

Each Party or Nonparty that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

Mass, indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

**6.2    Manner and Timing of Designations**

Except as otherwise provided in this Stipulated Protective Order (see, e.g., second paragraph of section 6.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Stipulated Protective Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or words of a similar effect, and that includes the case name and case number (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Nonparty that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the

Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions that the Designating Party identifies the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

### 6.3 Inadvertent Failures to Designate

If timely corrected, an inadvertent failure to designate qualified information or items does not standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

## 7. CHALLENGING CONFIDENTIALITY DESIGNATIONS

### 7.1 Timing of Challenges

Any Party or Nonparty may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

### 7.2 Meet and Confer

The Challenging Party shall initiate the dispute resolution process under Local Rule 37[1].

---

[1] Magistrate Judge Alexander F. MacKinnon's chamber rules are available at: https://www.cacd.uscourts.gov/honorable-alexander-f-mackinnon.

### 7.3 Burden of Persuasion

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 8. ACCESS TO AND USE OF PROTECTED MATERIAL

### 8.1 Basic Principles

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Nonparty in connection with this Action only for prosecuting, defending or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. When the Action reaches a final disposition, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

### 8.2 Disclosure of "CONFIDENTIAL" Information or Items

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) The Receiving Party's Counsel of Record in this Action, as well as employees of said Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

10

(b) The officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) The Court and its personnel;

(e) Court reporters and their staff;

(f) Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (i) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (ii) the witness will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound," unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

9. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as

"CONFIDENTIAL," that Party must:

    (a) Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

    (b) Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

    (c) Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

The Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL", unless the Party has obtained the Designating Party's permission or an order from the court from which the subpoena or order issued. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 10. A NONPARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

### 10.1 Application

The terms of this Stipulated Protective Order are applicable to information produced by a Nonparty in this Action and designated as "CONFIDENTIAL." Such information produced by Nonparties in connection with this litigation is protected by the remedies and relief provided by this Stipulated Protective Order. Nothing in these provisions should be construed as prohibiting a Nonparty from seeking additional protections.

### 10.2 Notification

In the event that a Party is required, by a valid discovery request, to produce a Nonparty's confidential information in its possession, and the Party is subject to an

agreement with the Nonparty not to produce the Nonparty's confidential information, then the Party shall:

    (a) Promptly notify in writing the Requesting Party and the Nonparty that some or all of the information requested is subject to a confidentiality agreement with a Nonparty;

    (b) Promptly provide the Nonparty with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    (c) Make the information requested available for inspection by the Nonparty, if requested.

### 10.3 Conditions of Production

If the Nonparty fails to seek a protective order from this Court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Nonparty's confidential information responsive to the discovery request. If the Nonparty timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Nonparty before a determination by the Court. Absent a court order to the contrary, the Nonparty shall bear the burden and expense of seeking protection in this court of its Protected Material.

### 11. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

## 12. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the Stipulated Protective Order submitted to the Court.

## 13. MISCELLANEOUS

### 13.1 Right to Further Relief

Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

### 13.2 Right to Assert Other Objections

By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

### 13.3 Filing Protected Material

A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the

Receiving Party may file the information in the public record unless otherwise instructed by the Court.

## 14. FINAL DISPOSITION

After the FINAL DISPOSITION of this Action, as defined in paragraph 3.8, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. The Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel is entitled to retain an archival copy of all pleadings; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; attorney work product; and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order.

## 15. VIOLATION

Any violation of this Stipulated Protective Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

*IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:*

Dated:  December ____ 2022    **ORANGE LAW OFFICES**

/s/ - *Olu K. Orange*
By: _____
OLU K. ORANGE

**HURRELL CANTRALL LLP**

By: */s/ Diane Martinez*
THOMAS C. HURRELL
DIANE MARTINEZ
Attorneys for Defendants, COUNTY OF LOS ANGELES and SHERIFF ALEX VILLANUEVA

**STEARNS KIM STEARNS & RYAN**

By: */s/ Danielle Duarte*
Michael J. Ryan
Danielle Duarte
Attorneys for Defendant CALIFORNIA COMMERCE CLUB, INC.

*FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.*

Dated:  1/9/2023

_____
Alexander F. MacKinnon
U.S. Magistrate Judge

16

**ATTACHMENT "A"**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____[full name], of _____ [address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Anastasia Martinez v. County of Los Angeles, Alex Villanueva, California Commerce Club, Inc. and DOES 1—10,* United States District Court for the Central District of California, Central Division, Case No. Case No. CV22-06589 DSF (AFM). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint_____ [full name] of _____ [address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Signature: _____

Printed Name: _____

Date: _____

City and State Where Sworn and Signed: _____

17